# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>) |
| v. | ) Case No. CR412-141<br>) |
| DIAMOND CASINO CRUISE,<br>LLC, et al. | )<br>)<br>) |

## REPORT AND RECOMMENDATION

Diamond Casino Cruise, LLC ("Diamond Casino"), one of the defendants charged with operating an illegal gambling business within the state waters of Georgia, has filed a motion to dismiss the forfeiture allegations of the superseding indictment (doc. 68 at 4) as violative of the Excessive Fines Clause of the Eighth Amendment. (Doc. 56.) This motion is not yet ripe for the Court's consideration and is reserved until trial, for without a conviction there can be no criminal forfeiture, and without a determination of the facts surrounding any conviction the Court will be unable to assess whether the requested forfeiture is proportionate to the nature of defendant's criminality.

The superseding indictment charges that Diamond Casino operated a 184-foot vessel that had been fitted out as a seagoing gambling casino, with slot machines, roulette wheels, and gaming tables. (Doc. 68 at 1.) While such vessels may be operated lawfully beyond the three-mile territorial limit of the United States, the indictment charges that Diamond Casino and the other defendants routinely and continuously operated their gambling business within the state waters of Georgia. (*Id.* at 2, 3.) Pursuant to 18 U.S.C. §1915(d), the government seeks the "criminal forfeiture" of some $7,000,000.00 that it believes represents the proceeds of the illegal gambling business. (*Id.* at 4.)

Diamond Casino contends that the proposed forfeiture would violate the Eighth Amendment prohibition against the imposition of "excessive fines." U.S. CONST. amend. VIII. As support, Diamond Casino relies upon *United States v. Bajakajian*, 524 U.S. 321 (1998), which recognizes that "a punitive forfeiture violates the Excessive Fines Clause if it is grossly disproportional to the gravity of a defendant's offense." *Id.* at 334. But Diamond Casino has yet to be found guilty of any offense; nor has the nature and extent of any criminality on its part been determined. Thus, the Court is not able to make the

proportionality assessment contemplated by *Bajakajian* at this time. Other courts agree that a pretrial motion asserting the protections of the Excessive Fines Clause, prior to any criminal judgment or final forfeiture order, is simply premature. *United States v. Wommer*, 2011 WL 5117874 at *7 (D. Nev. Oct. 27, 2011); *United States v. Talebnejad*, 460 F.3d 563 573, (4th Cir. 2006); *see also Cheffer v. Reno*, 55 F.3d 1517, 1523 (11th Cir. 1995) ("Eighth Amendment challenges are generally not ripe until the imposition, or immediately impending imposition, of a challenged punishment or fine.").

Diamond Casino's motion to dismiss the indictment's forfeiture allegation is not ripe for adjudication and must be reserved until such time as there is a conviction and the impending imposition of a criminal forfeiture.

**SO REPORTED AND RECOMMENDED** this __3rd__ day of January, 2013.

*/s/ M. Smith*
**UNITED STATES MAGISTRATE JUDGE**
**SOUTHERN DISTRICT OF GEORGIA**